## Application of GRANLATINA DE TURISMO CORP.
### No. 7377-FH.

Florida Public Utilities Commission.

September 22, 1964.

Victor H. Eskenas, Miami, for the applicant.

James E. Wharton of Coles, Himes & Talley, Tampa, for Tamiami Trail Tours, Inc., protestant.

Wayne K. Ramsay, Jacksonville, for Greyhound Lines, Inc., protestant.

George Kastenbaum of Kastenbaum, Mamber, Gopman & Epstein, Miami Beach, for Central Taxicab Corp., D. B. Corporation, Aircraft Taxi Corp. and Mercury Radio Association, protestants.

Arthur S. Weider for Wylly's Sportsman, Inc. and Davis Tours Sightseeing, Inc., protestants.

John S. McKenna for Red Top Sedan Service, Inc., protestant.

Jerry R. Grimes for Gray Line Sightseeing Tours, Inc., protestant.

Samuel C. Levine for S & J Transportation Corporation, protestant.

Harry Ehrlich for Checker Cab Co., protestant.

Arnett E. Lee for Magic City Cab Co. and Harlem Cab Co., protestants.

Moyshe Zilber for Sun Cab Co., protestant.

Nat Rosenberg for Yellow Cab System, Inc., protestant.

Many Kinwald for Diamond Cab Co., protestant.

Chairman EDWIN L. MASON, Commissioners JERRY W. CARTER and WILLIAM T. MAYO each participated in the disposition of this matter.

BY THE COMMISSION.

Pursuant to statutory notice the commission by its duly designated examiner, William L. Weeks, held a public hearing on this application on March 30, 1964 in the State Office Bldg., Miami.

The examiner's report and recommended order were duly served on all the parties. Exceptions to the recommended order were filed with the commission. Oral argument was heard on the exceptions on September 16, 1964. The entire record herein, including the application, the testimony adduced at the public hearing, the exceptions to the recommended order and oral argument heard thereon, have all been examined by the full commission. After due consideration, the commission now enters its own order in this cause.

This docket involved an application for a for-hire permit to engage in the transportation of Spanish-speaking passengers in casual, non-recurring, unsolicited trips over irregular routes from the Greater Miami area to points of interest within the state of Florida. The above referred to hearing in this matter was held for the sole purpose of investigating the type of carriage proposed and to establish the proper classification thereof. In other words, the hearing was for the purpose of determining whether the proposed transportation service is, in fact and in law, for-hire carriage or whether it is subject to classification as common carriage or contract carriage. During the course of the hearing the application was amended to restrict the applicant to operating one vehicle only. As required by the statutory provisions governing for-hire carriage, the proposed vehicle would be limited to a capacity of nine passengers including the driver.

Testimony presented in this cause shows that the applicant has for approximately five years been engaged in the travel agency business in Miami, arranging and handling tours to Miami and Florida for Spanish-speaking tourists from South and Central America.

Testimony shows that the applicant's principal business is handling package tourist tours for Latin Americans. Representatives of the applicant annually visit South America to make known to individual travel agencies there the services and package tours which are available in Miami through the applicant. However, the applicant does not solicit business from the individual users of such tours, but instead such tours are advertised and arranged for by the local travel agencies in South America which are independent agencies and unrelated to the applicant. The applicant's service only comes into play when the individual tourist, through a South American agency, selects the applicant's package plan and then the applicant is called upon to make the proper arrangements for the selected tour. The applicant receives all of its compensation from the local agency. Further, it is to be noted that the applicant makes available various package arrangements, the basic element always consisting of hotel rooms, with another package also including meals and with still another package containing the privilege of visting a limited number of points of interest which may be selected by the individual tourist after arrival in the United States. It is for this latter package tour that the applicant is seeking the subject for-hire permit. It is also to be noted that the testimony shows that in those instances where there are a large number of tourists, say 40 to 45, the applicant arranges transportation for sightseeing tours through common carriers who hold sightseeing authority and in such cases will continue to so do. It seeks the for-hire authority in order to be

able to provide tours for a small number of tourists, such as four or five, and particularly in those cases where the tourists speak only Spanish and hence require a driver who may communicate with them in their own language and point out and explain the points of interest.

Section 323.01(9), Florida Statutes, defines "for hire" as "any motor carrier engaged in the transportation of persons or property over the public highways of this state for compensation, which is not a common carrier or contract carrier but transports such persons or property in single, casual and nonrecurring trips."

After due consideration of the entire record in this cause, the commission finds that the persons proposed to be transported would be in single, casual and nonrecurring trips; that the transportation service proposed by the applicant is, in fact and in law, for-hire carriage; and, that the public interest would be benefited by the grant of this application. The commission further finds that in the past the commission has granted for-hire permits authorizing similar transportation service as a matter of right and course when the provisions of section 323.05, Florida Statutes, and this commission's rules and regulations have been met. An example of this may be found in docket no. 7438-FH, wherein authority was granted to Foreign Language Limousine Service, Inc. Also, the commission finds that the language used by the applicant referring or restricting its proposed operation to the transportation of Spanish-speaking passengers would be inappropriate, if not improper, since it would be a most difficult, if not impossible, restrictive provision to enforce. The most appropriate language would appear to be that as used in order no. 6225 entered in the above-stated docket no. 7438-FH where it refers to the fact that the applicant proposes to cater to foreign-speaking tourists but does not, in fact, incorporate such a restriction in the granted authority.

In consideration of the premises, it is therefore ordered that the proposed transportation under this amended application is found to be, in fact and in law, for-hire carriage; and pursuant thereto, that the applicant, Granlatina De Turismo Corp., 10 N. E. Third Avenue, Miami, Florida, be and the same is hereby granted a for-hire permit as a matter of right and course authorizing the transportation of passengers in a motor vehicle of nine-passenger capacity including the driver, on casual, nonrecurring, unsolicited trips, over irregular routes from the Greater Miami area to points of interest within the state of Florida, subject to the restriction that the applicant be authorized to operate only one such vehicle and conditioned upon the applicant complying with all other requirements of section 323.05, Florida Statutes, and this commission's rules and regulations governing for-hire carriage.